**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 5, 2005[*]
Decided July 8, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

No. 04–2609

|  |  |
|---|---|
| DENNIS SHEA, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 03 C 0492 |
| LOVEJOY, INC., *Defendant-Appellee.* | Sidney I. Schenkier, *Magistrate Judge.* |

**O R D E R**

Dennis Shea brought this lawsuit under the Americans with Disabilities Act (ADA), claiming that his former employer, Lovejoy, Inc., fired him because he walked with a limp from childhood polio. In the district court Shea also raised claims under the Age Discrimination in Employment Act and state law, but he abandons these on appeal. Because the district court properly concluded that Shea is not disabled for purposes of the ADA, we affirm the grant of summary judgment.

---

[*] This case was scheduled for oral argument on July 5, 2005, but counsel for the appellant did not appear when the case was called. The appellee's counsel informed the court that counsel was ill. In the absence of appellant's counsel, the court took the case under advisement on the briefs and the record, without oral argument.

Shea contracted polio as a child, and between the ages of nine and sixteen underwent five or six corrective surgeries on both legs, spending several years in a wheelchair. He now wears a brace on his left leg and walks with a "noticeable limp." In a deposition, Shea testified that he has never required special accommodations from any employer because of his condition, and while he cannot place much weight on his left leg, he climbs stairs on the way to work every day, regularly walks long distances, and sails frequently.

In July 2001 Shea was dismissed from his position as a sales engineer at Lovejoy, which manufactures couplings and other power transmission components. Lovejoy insists that Shea was fired because of his deficient job performance, pointing to employee evaluations that chart the increasing dissatisfaction of Shea's supervisors in the years preceding his termination. But Shea believes the dismissal was discriminatory because of an exchange with David Mortenson, Lovejoy's vice president for marketing. Shortly after Mortenson joined the firm in April 2001, Shea decided to introduce himself and stopped by Mortenson's office. At the end of their brief conversation, Mortenson, noticing Shea's limp, asked whether Shea had injured himself over the weekend. Shea explained that he had suffered from polio as a child and wore a leg brace. Mortenson, who like Shea traveled regularly on behalf of Lovejoy, asked whether the brace was inconvenient at airport metal-detectors; Shea replied that it was not. According to Shea, Mortenson also asked whether the condition inhibited carrying Lovejoy products or traveling to factories, and Shea said that it did not. Shea says Mortenson looked skeptical of this answer.

The magistrate judge, presiding by the parties' consent, granted Lovejoy's motion for summary judgment, holding that Shea had failed to show that he was disabled under the ADA. The court—noting that individuals may prove they are disabled by demonstrating, *inter alia*, that they (1) have a physical impairment that substantially limits a major life activity, or (2) are mistakenly regarded as having such an impairment, 42 U.S.C. § 12102(2)—stated that the conversation with Mortenson could not convince a jury that Lovejoy viewed Shea as disabled. The court then noted in a footnote that "[t]o the extent that plaintiff's brief suggests" that he actually has a physical impairment that renders him disabled under the ADA, "the undisputed evidence indicates that plaintiff's limp did not affect any major life activities."

Shea first contends that Lovejoy viewed him as substantially limited in the major life activity of working. This argument fails because the demanding "substantially limits" test cannot be met simply by showing that the employer thinks the employee is unable to perform one specific job. *Kupstas v. City of Greenwood*, 398 F.3d 609, 612–13 (7th Cir. 2005). Rather, the employer must think the employee is unable to work in a broad range of jobs. *Id.* Shea's conversation with Mortenson at best implicates only Shea's ability to perform his job at Lovejoy.

Moreover, even if Mortenson did view Shea as substantially limited in his ability to work this could not establish discrimination because, as the magistrate judge noted, the undisputed facts show that Mortenson had nothing to do with the performance evaluations or the termination decision.  *See Staples v. Pepsi-Cola Gen. Bottlers, Inc.*, 312 F.3d 294, 301 (7th Cir. 2002); *Huff v. UARCO, Inc.*, 122 F.3d 374, 385 (7th Cir. 1997).

Shea next attempts, for the first time on appeal, to demonstrate that he is actually disabled, arguing that, aside from what Lovejoy thinks, his limp substantially inhibits the major life activity of walking.  Shea has waived this argument because he never contended in the district court that the limp limits his ability to walk  *See Opp v. Wheaton Van Lines, Inc.*, 231 F.3d 1060, 1066 n.2 (7th Cir. 2000); *Karazanos v. Madison Two Assoc.*, 147 F.3d 624, 629 (7th Cir. 1998).  Quite the contrary: Shea testified he can walk long distances, climb stairs, and sail, and he admitted both in his opposition to summary judgment and in his appellate brief that his limp "does not affect his job performance or any other life functions."

AFFIRMED.